## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Public Employees for Environmental Responsibility | CIVIL ACTION NO. 19-623 |
| *Plaintiff,* | **COMPLAINT** |
| National Oceanic & Atmospheric Administration | |
| *Defendant.* | |

1.      Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, to compel the National Oceanic & Atmospheric Administration, ("NOAA" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA appeal.

2.      Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

## PARTIES

3.      Plaintiff, Public Employees for Environmental Responsibility, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in Florida, Massachusetts, and Tennessee.

4.      Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER

educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

5.       Defendant, NOAA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

6.       Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

7.       On Tuesday, February 8, 2018, the National Weather Service (NWS), a component of NOAA tasked with providing weather forecasts, warnings of hazardous weather, and other weather-related products to organizations and the public for the purposes of protection, safety, and general information, conducted a test of its Tsunami Warning System to measure transmission times involved in the dissemination of tsunami information across multiple parts of the United States early warning infrastructure.

8.       AccuWeather, Inc., an American media company based in State College, PA, provides commercial weather forecasting services for commercial enterprises and individuals. Large amounts of the data that AccuWeather sells for profit is repackaged information provided by the NWS.

9.       On the morning of Feb. 8, 2018, users of AccuWeather's mobile phone application received a "push" alert that a tsunami was imminently approaching the U.S. eastern seaboard from Connecticut to Florida. No such tsunami was approaching the United

States; the test conducted by NWS was mistakenly interpreted as a real alert by AccuWeather, who redirected that information to the public.[1]

10.     AccuWeather issued a press statement later in the day blaming NWS for "miscoding" the test as a real tsunami in the alert's "Valid Time Event Code" (VTEC), a string of characters which indicates date, time, type of message, and other information, including a "T" at the beginning of the string for tests, and an "O" for real, or "operational" alerts.[2]

11.     The VTEC which AccuWeather received that day[3] contained an event tracking number, "TS.W.0003," which had previously been included in an actual "operational" tsunami warning triggered by an earthquake in the early morning of January 23, 2018.[4] It is believed that this tracking number was used because of a "garbled" re-transmittal of the test warning by the Federal Aviation Administration which was sent back to NWS and then passed through to NWS's commercial partners, including AccuWeather. The garbled message was interpreted by AccuWeather's automated system as a real warning and then delivered to the public.

---

[1] See Angela Fritz, *AccuWeather warned customers a tsunami was coming — except it was only a test*, WASHINGTON POST (Feb. 6, 2018), https://www.washingtonpost.com/news/capital-weather-gang/wp/2018/02/06/accuweather-warned-customers-a-tsunami-was-coming-except-it-was-only-a-test/?noredirect=on.
[2] ACCUWEATHER RESPONDS TO MISCODED NWS TSUNAMI WARNING (Feb. 6, 2018), https://www.accuweather.com/en/press/72602282
[3] T.NEW.PAAQ.TS.W.0003.180206T1328Z-180206T1428Z
[4] O.NEW.PAAQ.TS.W.0003.180123T0935Z-000000T0000Z

12.     In the period following the erroneous alert, representatives of AccuWeather, including its chief lobbyist Mr. Thomas (Tom) Fahy and its CEO Mr. Barry Myers, contacted NOAA officials in person, by email, and by phone to express their outrage at these events.

## Plaintiff's FOIA Request

13.     On May 29, 2018, Plaintiff submitted a FOIA request electronically, seeking the following records created between February 5, 2018 and May 29, 2018:

> a.     All records that document, reference, or mention any kind of contact or communication between National Oceanic & Atmospheric Administration (NOAA) officials and Mr. Barry Myers, or any representatives of AccuWeather, or Thomas (Tom) Fahy, its lobbyist; and

> b.      Records reflecting any NOAA response or action taken relative to the February 2018 "false" tsunami warning incident.

14.     PEER provided the following interpretive information in its FOIA request:

In order to ensure that all responsive records are identified, when conducting the search please use these search terms "Barry" OR "Myers" OR "AccuWeather" OR "Fahy" as well as any other terms that staff may have used to refer to Mr. Myers, AccuWeather, or Mr. Fahy.

PEER believes that the following individuals possess responsive records:  Tim Gallaudet, Neil Jacobs, Stuart Levenbach, Michael Weiss, Ben Friedman, Julie Roberts, Kevin Wheeler, Erik Noble, Brandon Eisner, Taylor Jordan, and Wendy Lewis, Pat Simms, Linda Brown, and Charles McLeod.

15.     The request sought records documenting interactions and possibly pressure brought to bear on NOAA by a private company whose leader was at the time of the events, the filing of the FOIA request, and as of the filing of this litigation, the presidential nominee for NOAA Administrator.

16.     The request concluded that a broad segment of the population living in coastal has a keen interest in the accuracy of tsunami warnings.  An even broader potion of the public has an acute interest in ensuring that NOAA weather forecasts are accurate and not influenced by either political or commercial interests.

17.     On October 9, 2018, NOAA delivered a response to PEER electronically releasing 34 records,[5] withholding two prior drafts of a released record, and redacting certain information, and assigning the request the index number **DOC-NOAA-2018-001451**.

18.     On December 11, PEER appealed NOAA's response to its FOIA request. The appeal was received by the agency on December 21, 2018, and assigned the index number **DOC-OS-2019-000464**.

19.     The grounds for PEER's administrative appeal were that the agency had failed to conduct an adequate search for "records that document, reference, or mention any kind of contact or communication" between NOAA and the named AccuWeather representatives.

20.     On information and belief, NOAA maintains handwritten records of telephone communications between AccuWeather representatives and NOAA staff and executives, which were not included in NOAA's search of its public records to locate records potentially responsive to PEER's FOIA request.

21.     An adequate search for the records specified in PEER's request should include, *inter alia*, a search of any handwritten notes maintained or controlled by the agency, those in

---

[5] The language of NOAA's response letter was unclear as to how many documents were identified and released, as the Arabic numerals in parenthesis did not match the longhand numbers, but PEER only received 34 records from the agency.

the custody of the senior NOAA leadership named in the request and their assistants, and any records backups or portals which capture information or calls delivered or made to or from the agency and its leadership. The agency's failure to conduct such a search constitutes a failure to respond to and a partial denial of PEER's request and is a violation of its rights under FOIA.

22.     An agency may not search an arbitrarily limited set of documents for only the exact terms provided by the requester. As the D.C. Circuit has noted, "FOIA requests do not operate like a game of Battleship." *Gov't Accountability Project v. U.S. Dep't of Homeland Sec.*, No. 1:17-CV-2518 (CRC), 2018 WL 4954149, at *1 (D.D.C. Oct. 12, 2018). While PEER does not know the specific name used by the agency for any systems of handwritten or electronic records of phone calls or other communications made to, from, or within the agency, a requester "need not utilize the precise jargon employed by agency officials" in a request. *Nicholls v. U.S. Office of Personnel Mgmt.*, No. 11-1654 (JEB), 2012 WL 1921396 at *5 (D.D.C. May 29, 2012).

## COUNT I:
### (Violation of FOIA, 5 U.S.C. § 552)

23.     Plaintiff incorporates and restates the allegations of the preceding paragraphs as though fully set forth herein.

24.     Plaintiff properly requested records that on information and belief are currently within the possession, custody, and control of Defendant.

25.     Defendant is an agency subject to FOIA which must make reasonable efforts to search for requested records.

26.     Defendant is violating FOIA by failing and/or refusing to search for, identify, and produce any and all non-exempt records responsive to Plaintiff's request.

27.    Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

28.    The FOIA requires agencies to make a determination on a FOIA appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(ii). Agencies may extend this twenty-day time period only upon written notice of "unusual circumstances," and then for no longer than ten days.  5 U.S.C. § 552(a)(6)(B).

29.    Department of Commerce regulations implementing FOIA elaborate that "If no determination on an appeal has been sent to the requester within the twenty working day period specified in § 4.6(b) or the last extension thereof, the requester is deemed to have exhausted all administrative remedies with respect to the request, giving rise to a right of judicial review under 5 U.S.C. 552(a)(6)(C)." 15 C.F.R. § 4.10(e).

30.    Plaintiff constructively exhausted its administrative remedies when NOAA failed to make a determination with respect to PEER's administrative appeal by January 24, 2019, or within 20 "working days" of its receipt and acknowledgment on December 21, 2018, and now seeks an order from this Court requiring Defendant to immediately conduct a reasonable search for and produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

31.    Plaintiff incorporates and restates the allegations of the preceding paragraphs as though fully set forth herein

32.    This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

33.     This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

34.     This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

35.     This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Enter an order declaring that Defendant wrongfully withheld requested agency records;

2.     Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

3.     Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

4.     Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.     Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 6, 2018,

_/s/   Paula Dinerstein_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610

Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiff*